UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

RODNEY A. MELLETTE, individual,

    Plaintiff,

vs.                                                      Case No._____

DIVERSIFIED WELDING, INC.,
a Florida Profit Corporation,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, RODNEY A. MELLETTE, sues Defendant, DIVERSIFIED WELDING, INC., a Florida Profit Corporation, and states as follows:

**JURISDICTION**

Jurisdiction in this Court is proper under 29 U.S.C. §201, et.seq. and 42 U.S.C. §2000e-5(f)(3).

**VENUE**

Venue is proper in this Court as the Plaintiff resides within the Southern District of Florida and Defendant maintains business operations within the District.

**CONDITIONS PRECEDENT**

All conditions precedent to this suit have been met. Specifically, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human

1

Relations. Plaintiff received a Right to Sue dated May 14, 2019, which he received via certified mail on May 18, 2019 and filed this suit within 90 days of receipt.

## PARTIES

1. Plaintiff, RODNEY A. MELLETTE, is a citizen of the State of Florida, residing in Okeechobee County.

2. Defendant, DIVERSIFIED WELDING, INC., is a for-profit business that provides welding services to industrial facilities, such as Florida Power and Light ("FPL").

## FACTUAL ALLEGATIONS

3. In 2016, Defendant was awarded a contract to perform welding services related to solar panels at FPL.

4. Due to his knowledge and experience in the solar field, Plaintiff was hired by Defendant in June 2016.

5. Plaintiff was assigned as a site supervisor at the FPL power facility in Indiantown.

## COUNT I-FAIR LABOR STANDARDS ACT OVERTIME VIOLATION

6. The foregoing paragraphs are hereby incorporated by reference into this Count as if fully stated herein.

7. While working for Defendant, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

8. Defendant is an "employer" as defined by 29 U.S.C. §203(d).

9. During Plaintiff's employment, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Based on information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum.

11. Although Plaintiff was designated as a "supervisor" he did not meet the requisite duties to be exempt from the payment of overtime under the law.

12. Plaintiff was told that he had the authority to hire, fire and discipline employees, however, he was directed not to hire anyone that was white. When this statement was made, Plaintiff inquired as to why since he is white. In response, Plaintiff was told the Defendant needed someone with his particular experience in the solar field. After he was terminated, Plaintiff was replaced by a Hispanic.

13. During his employment, Plaintiff terminated two individuals. His decision in both cases were overturned.

14. When Plaintiff disciplined employees, his decision was overturned completely, or the discipline was reduced.

15. Plaintiff was not even permitted to schedule the particular time at which employees would take breaks.

16. Based on the foregoing, Plaintiff's primary duty was not management and therefore, he did not meet the executive exemption to the requirement to be paid overtime under the FLSA.

17. Plaintiff was improperly treated as exempt from overtime and was scheduled to work 50 hours per week.

18. Since Plaintiff did not meet the exemption and should have been paid overtime.

19. Accordingly, Plaintiff is owed ½ time for all hours he worked over 40 in a workweek.

WHEREFORE, Plaintiff, seeks judgment against the Defendant as follows:

    a) An award of compensatory damages for the unpaid overtime wages owed to Plaintiff pursuant to 29 U.S.C. §216(b);

    b) An award of liquidated damages in the amount equal to the award of compensatory damages pursuant to 29 U.S.C. §216(b);

    c) Judgment that Defendants' violations were willful;

    d) An award of reasonable attorney's fees and costs incurred by Plaintiff in bringing this action; and

    e) All such further relief as the Court deems just and equitable.

## COUNT II-DISCRIMINATION UNDER TITLE VII

20. Plaintiff incorporates paragraphs 1 through 5 as if fully stated herein.

21. While working for Defendant, Plaintiff was an employee within the meaning of Title VII.

22. Defendant is an "employer" as defined by 42 U.S.C. §2000e(b).

23. Although Plaintiff is white, he was directly told by George Weldon and Gabriel Sanibol, the owners of Defendant Diversified Welding, statements to the effect that the "company does not hire white people to work in the field, they only like to hire Spanish workers."  When statements like this were made, Plaintiff inquired as to why since he is white and working in the field.  In response, Plaintiff was told the Defendant needed someone with his particular skill and experience in the solar field.

24. Although Plaintiff worked in his position for almost 2 ½ years with no prior discipline or complaints, he was suddenly terminated on October 25, 2018 for not being a "people person."

25. At the time of his termination, Plaintiff was qualified to perform his position.

26. After he was terminated, Plaintiff was replaced by a Hispanic whom Plaintiff had trained and, therefore, the person who replaced him had less experience than Plaintiff.

27. On May 29, 2018, Plaintiff was provided with an "Active Employee Worksheet identifying 60 current employees 4 of whom were white, this included the president and his wife. The other 56 employees were Hispanic.

28. Defendant takes the position that the majority of its workforce is Hispanic because that is the makeup of Indiantown. However, Defendant hired from several areas, including Okeechobee, Clewiston and Belle Glade. These areas are not primarily Hispanic. Additionally, Defendant took specific steps to avoid hiring white employees.

WHEREFORE, Plaintiff demands damages for lost wages, benefits, front pay and other remuneration; all other compensatory damages allowable under law; stress, anxiety, emotional distress damages; punitive damages; prejudgment and post judgment interest; attorney's fees and costs; and any other relief the Court deems just and proper.

**COUNT III-DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**

29. Plaintiff incorporates paragraphs 1 through 5 and 20 through 28 as if fully stated herein.

30. The Florida Civil Rights Act (FCRA), Fla. Stat. §760.10 et. seq. was patterned after Title VII. Federal and Florida courts have held that claims under the FCRA are analyzed in the same manner as claims brought under Title VII, and decisions construing Title VII are directly applicable when considering claims of

discrimination under the FCRA. Grant v. Miami-Dade Cty., 2014 U.S. Dist. LEXIS 182583, at *8 (S.D. Fla. 2014); Jiles v. United Parcel Serv., Inc., 360 Fed. Appx. 61, 62 (11th Cir. 2010) (citing Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998); see also Wilbur v. Correctional Servs. Corp, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004) (noting in case arising under both Title VII and FCRA that no independent analysis of claim under FCRA is necessary).

31. Defendant's conduct towards Plaintiff as described heretofore in this Complaint is a violation of Fla. Stat. §760.10.

WHEREFORE, Plaintiff demands damages for lost wages, benefits, front pay and other remuneration; all other compensatory damages allowable under law; stress, anxiety, emotional distress damages; punitive damages; prejudgment and post judgment interest; attorney's fees and costs; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**REMAINDER OF PAGE LEFT BLANK IBTENTIONALLY**

Dated: August 13, 2019                    Respectfully submitted,

*/s/Beth Coke*

Beth Coke
Fla. Bar. #70726
Beth@cokeemploymentlaw.com
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575
Attorney for Plaintiff